IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TAMARA J. SNYDER,

            Plaintiff,

v.                                       CIVIL ACTION NO. 2:19–cv–00269

ALLTRAN EDUCATION INC.,

            Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Remand.[1] (ECF No. 9.) For the reasons discussed more fully below, the Court **GRANTS** the motion but **DENIES** fees and costs.

*I. BACKGROUND*

This action arises out of a dispute over the servicing of Plaintiff Tamara J. Snyder's ("Plaintiff") student loan. Plaintiff became delinquent on her consolidated federally subsidized student loan payments, and the United States Department of Education referred her debt to Defendant Alltran Education, Inc., d/b/a Enterprise Recovery Systems, Inc. ("Alltran") for collection. (ECF No. 1–1 at 6, ¶¶ 5–6.) Plaintiff alleges she contacted Alltran to request a rehabilitation agreement to bring her loan current, and Alltran allegedly agreed to allow Plaintiff to make reduced payments for nine months, after which time her loan would be deemed current.

---

[1] Also pending before the Court is Defendant Alltran Education Inc.'s motion to file sur–reply and/or to amend notice of removal. (ECF No. 20.) For good cause shown, the Court **GRANTS** the motion. (ECF No. 20.) However, the Amended Notice of Removal, (ECF No. 20-2), does not impact the Court's analysis.

1

(*Id.* ¶¶ 7, 9.)  Plaintiff asserts she made timely rehabilitation payments, but Alltran breached the agreement by placing her loan in default.  (*Id.* ¶¶ 10–12.)  Once her loan was placed in default, Plaintiff alleges she incurred damages, including default charges and wage garnishment.  (*Id.* at 7, ¶¶ 14–16.)

On March 11, 2019, Plaintiff filed her Complaint in the Circuit Court of Kanawha County, West Virginia, alleging breach of contract and unfair debt collection claims arising under the West Virginia Consumer Credit Protection Act ("WVCCPA").  (*Id*. at 7–10, ¶¶ 17–35.)  Specifically, Count I of the Complaint alleges a breach of contract claim arising under West Virginia law for Alltran's alleged unilateral breach of the rehabilitation agreement.  (*Id.* at 7–8, ¶ 21.)  Count II asserts an unconscionable debt collection claim in violation of WVCCPA Section 46A–2–128.  (*Id.* at 8, ¶ 25.)  Plaintiff alleges Alltran "wrongfully offset Plaintiff's federal income tax refund in April 2015; placed her loan in default status; and caused Plaintiff to incur over $12,000 in default charges."  (*Id.* ¶ 24.)  Next, Count III alleges Alltran made misrepresentations in connection with the collection of debt in violation of WVCCPA Section 46A–2–127(d).  (*Id.* at 9, ¶ 27.)  Count IV asserts a claim for illegal charges based on Alltran's alleged attempted "collection of costs not provided by the terms of the obligation" in violation of WVCCPA Section 46A–2–128(c).  (*Id.* ¶ 29.)  Finally, Count V asserts a claim for estoppel based on the damages Plaintiff alleges she suffered in her reliance on Alltran's statement that the rehabilitation payments would bring her loan current.  (*Id.* at 9–10, ¶¶ 31–34.)

Defendant removed this case to this Court on April 11, 2019.  (ECF No. 1.)  In the Notice of Removal, Defendant asserts that the sole basis for this Court's jurisdiction is federal question pursuant to 28 U.S.C. § 1331.  (*Id.* at 2, ¶ 4.)

Plaintiff filed her motion to remand on May 30, 2019. (ECF No. 9.) Defendant filed its Response on June 20, 2019. (ECF No. 16.) Plaintiff filed her Reply on June 27, 2019. (ECF No. 19.) Defendant filed its motion to file sur–reply and/or to amend its notice of removal on July 3, 2017. (ECF No. 20.) As such, this motion is fully briefed and ripe for the Court's consideration.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1331, federal district courts have original jurisdiction "of all civil actions arising under the constitution, laws, or treaties of the United States." The right to remove a case from state to federal court is provided under 28 U.S.C. § 1441, and states, in relevant part, that a defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction."

Because removal infringes on state sovereignty, federal courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." (citation omitted)); *Able v. Upjohn Co.*, 829 F.2d 1330, 1332 (4th Cir. 1987) (stating that "congressional desire to restrict removal has been understood to require that doubts about the propriety of removal be resolved in favor of retained state court jurisdiction"). Further, "[i]f the plaintiff challenges removal . . . the defendant 'bears the burden of demonstrating that removal jurisdiction is proper.'" *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (quoting *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

### III. DISCUSSION

#### A. *Substantial Federal Question*

The sole issue before the Court is whether Plaintiff's state law claims raise a substantial federal question such that jurisdiction can be established.[2] Plaintiff argues Defendant has failed to demonstrate that her claims raise a substantial federal question. (ECF No. 19 at 3.) Defendant responds that, while all Plaintiff's causes of action are based on state law, these claims are interrelated and require a determination of whether a rehabilitation agreement was formed. (ECF No. 16 at 4.) Defendant further argues that the question of whether a rehabilitation agreement was formed requires interpretation of the Higher Education Act ("HEA"), specifically 20 U.S.C. § 1078–6 and 34 C.F.R. §§ 685.211(f) and 682.405, which is a substantial federal question. (*Id.*)

The well–pleaded complaint rule has long governed whether a case "arises under" federal law. *See, e.g., Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28 (1974); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (explaining that, absent diversity of citizenship, removal to federal court is proper only if a federal question is apparent on the face of the plaintiff's well–pleaded complaint). The well–pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392. However, the Supreme Court has long recognized that federal question jurisdiction also exists in a case in which state law creates the cause of action if the "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."

---

[2] Plaintiff's Memorandum in Support construes the Notice of Removal to raise complete preemption as the basis for this Court's federal question jurisdiction. (*See* ECF No. 10.) However, Defendant states it "has not argued that complete preemption applies here, and its existence has no bearing on whether this Court has jurisdiction due to a substantial federal question." (ECF No. 16 at 6.) The Court will not address this argument because it was expressly waived by Defendant.

*Columbia Gas Transmission Corp. v. Drain*, 191 F.3d 552, 557 (4th Cir. 1999) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)); *see also Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808–09 (1986); *Smith v. Kansas City Title & Tr. Co.*, 255 U.S. 180, 199 (1921); *Int'l Sci. & Tech. Inst., Inc. v. Inacom Commc'ns, Inc.*, 106 F.3d 1146, 1154 (4th Cir. 1997). The substantial federal question doctrine "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

"[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal–question jurisdiction." *Merrell Dow*, 478 U.S. at 813. Instead, the Court must ask: "does a state–law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal–state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). When these elements are met, jurisdiction is proper. *Id.* However, the Supreme Court has explained that the category of cases applying jurisdiction under *Grable* is "special and small." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006).

Here, the Court finds that Plaintiff's claims do not "arise under" federal law because Defendant has not demonstrated that the federal interest is substantial. In her Complaint, Plaintiff

5

asserts claims for breach of contract, unconscionable debt collection, misrepresentations, illegal charges, and estoppel. These claims are based on Plaintiff's allegation that Defendant entered into a rehabilitation agreement with her, and, subsequently, breached this agreement by placing her federal student loan in default. Defendant argues this Court has jurisdiction because all Plaintiff's claims are premised on the alleged rehabilitation agreement and that the formation and terms of such agreement are "exclusively defined and governed by the HEA." (ECF No. 16 at 4–5.)

While the resolution of Plaintiff's claims will require reference to the HEA and its regulations, the HEA itself provides no private right of action. *College Loan Corp. v. SLM Corp.*, 396 F.3d 588, 593 (4th Cir. 2005) (stating that "courts have consistently held that no private right of action is available for violation of the HEA . . . ."). Similarly, in *Merrell Dow*, the Supreme Court determined that Congress did not intend for there to be federal question jurisdiction over state law claims arising from violations of the Food, Drug and Cosmetic Act because Congress failed to provide a private right of action within the Act. 478 U.S. at 817 ("[A] complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim arising under the Constitution, laws, or treaties of the United States." (internal quotation marks and citations omitted)). "[T]he congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Id.* at 814.

Here, as in *Merrell Dow*, Plaintiff's causes of action are sufficiently separate from the HEA, and Defendant has not proven that the HEA provides essential elements of Plaintiff's state causes of actions. In sum, Defendant has only alleged that the HEA would be implicated by Plaintiff's claims, which is not enough to sustain federal question jurisdiction. Thus, consistent with the Supreme Court's decision in *Merrell Dow*, this Court concludes this case does not present a substantial federal question, and jurisdiction does not exist.

### B. Plaintiff's Request for Fees and Costs

Plaintiff requests fees and costs incurred as a result of the removal of this action. (ECF No. 10 at 6.) Upon remanding a case to state court, this Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). In other words, "the standard for awarding fees should turn on the reasonableness of the removal." *Id.* at 141. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

Here, there is no indication that Defendant sought to remove the case to this Court "for the purpose of prolonging litigation and imposing costs on the opposing party." *Id.* at 140. The Court finds that Defendant's argument was made in good faith and Defendant had an objectively

7

reasonable basis for removal.  *Martin*, 546 U.S. 132.  Thus, an award of attorney fees and costs is not appropriate.

## IV. CONCLUSION

For the forgoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand.  (ECF No. 9.)  As such, the Court hereby **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia.  The Court **DIRECTS** the Clerk to remove this action from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 16, 2019

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE